[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14057
Non-Argument Calendar

_____

Agency No. A78-746-412

LING QIONG HUANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 13, 2009)**

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ling Qiong Huang, through counsel, seeks review of the Board of Immigration Appeals' ("BIA's") decision, which summarily affirmed the Immigration Judge's ("IJ's") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT relief"). On appeal, Huang argues that the IJ erred in finding that her testimony at her second, March 22, 2007, asylum hearing was not credible. Also, she asserts that she introduced sufficient evidence to prove past persecution and a well-founded fear of future persecution based on her religious beliefs, as well as a well-founded fear that she would be forcibly sterilized if she returned to China. Finally, Huang argues that the IJ erred in finding that she was not eligible for CAT relief.

In a case where the BIA summarily affirms the IJ's decision, as happened here, we review the IJ's decision. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n. 1 (11th Cir. 2003). We review the IJ's factual determinations under the substantial evidence test. Adefemi v. Ashcroft, 386 F.3d 1022, 1026-1027 (11th Cir. 2004)(en banc). We "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. at 1029. We will only overturn an IJ's factual determinations if the record compels a conclusion to the contrary. Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). We review credibility determinations under the

2

substantial evidence test.  Chen v. United States Att'y Gen., 463 F.3d 1228, 1230-1231 (11th Cir. 2006).

In order to receive asylum, an applicant must prove that she is a refugee. INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A).  An applicant qualifies as a refugee if she can show that she has suffered past persecution, or has a well-founded fear of future persecution, based on a protected ground.  8 C.F.R. 208.13(b).  The protected grounds for asylum include, among other things,  religion and political opinion.  INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).  Congress has also provided by statute that forced sterilization and other coercive population control measures are forms of political persecution.  8 U.S.C. § 1101(a)(42)(B).

If an applicant is able to prove past persecution, it creates a presumption that the applicant also has a well-founded fear of future persecution.  8 C.F.R. 208.13(b)(1).  The government can rebut this presumption by showing by a preponderance of the evidence that there has been a fundamental change in country conditions, or that the applicant may avoid persecution by relocating to another part of his country.  8 C.F.R. 208.13(b)(1)(i)(A) and (B), (b)(1)(ii).

Without regard to past persecution, an applicant may establish a well-founded fear of future persecution by demonstrating "that his or her fear of future persecution is subjectively genuine and objectively reasonable."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1289 (11th Cir. 2001); see also 8 C.F.R.

§ 208.13(b)(2). An applicant must establish that "there is 'a reasonable possibility he or she would be singled out individually for persecution,' or that [s]he is a member of, or is identified with, a group that is subjected to a pattern or practice of persecution." Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (quoting 8 C.F.R. § 208.13(b)(2)(iii)).

An applicant is entitled to withholding of removal if she can show that her life or freedom would be threatened based on a protected ground. 8 C.F.R. 208.16(b). If the applicant can prove a past threat to life or freedom, there is a presumption that her life or freedom would be threatened in the future. 8 C.F.R. § 208.16(b)(1). The government can rebut this presumption by showing that there has been a fundamental change in circumstances, or by showing that the alien can safely relocate to another area of her country. 8 C.F.R. § 208.16(b)(1)(A) and (B). An applicant who is unable to meet her burden of proof with respect to asylum is necessarily unable to satisfy the higher standard for withholding of removal. Djonda, 514 F.3d at 1177.

In order to make an adverse credibility determination, the IJ must explicitly find that the applicant's testimony was not credible. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. Here we find no error in the IJ's credibility determinations,

4

finding them based on specific, cogent reasons and supported by substantial evidence. As the IJ noted, Huang's testimony that government officials came to her family's home in February of 2006 and demanded that she be handed over for punishment is implausible, given that she left the country in 2001 and had not been active in the underground Church since that time. Huang's assertion that she came to the United States in order to freely practice her religion was refuted by her admission that she had rarely attended Church services since her arrival in the United States, as well as her lack of knowledge as to what type of Christianity she was practicing. Her professed fear of persecution upon returning to China was also inconsistent with her admission that she allowed her eldest son and her husband, also a Christian, to visit relatives in China on two occasions without objection. Based on the above testimony, the record does not compel the conclusion that the IJ erred in finding that Huang had not testified credibly.

Nor does the submission of documentary evidence support her application. With regard to the religious persecution aspect of Huang's application, this evidence largely duplicates aspects of Huang's testimony which the IJ found to be implausible or inconsistent. With respect to Huang's fear of forced sterilization, the 2006 Country Report indicates that, although some local officials have utilized forced sterilizations in order to meet population goals, such practices are officially prohibited. Therefore, substantial evidence supports the district court's finding

that Huang's fear of future persecution was not objectively reasonable as she presented no specific evidence that forcible sterilization has occurred in her province despite the fact that is illegal. For this reason, Huang's claims pursuant to the Convention Against Torture likewise fails. Accordingly, we deny Huang's petition.

**PETITION DENIED.**